UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARVIN WILIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MERCER COUNTY CORRECTIONAL CENTER, et al.,<br><br>Defendants. | Civil Action No. 16-9135 (FLW)<br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Plaintiff's filing of a civil action pursuant to 42 U.S.C. § 1983 against Mercer County Correctional Center and Camden County Jail arising from incidents that occurred during his incarceration from 2004-2007. The Court previously granted Plaintiff's application to proceed *in forma pauperis*. Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).[1] For

---

[1] Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

1

the reasons explained below, the Court will dismiss the Complaint in its entirety pursuant to 28 U.S.C. 1915(e)(2)(B) and will permit Plaintiff to submit an Amended Complaint within 30 days of the date of Order accompanying this Opinion.

Plaintiff Complaint is dated November 17, 2016. (ECF No. 1, Complaint at 5.) Plaintiff has sued Mercer County Correctional Center and Camden County Jail and alleges the following facts in support of his claims:

> I was falsely imprisoned and also beat the charges that were brought against me[.] Cops in Camden County set me up and for that I sustained life long issues.
>
> Guards violated my rights by only giving me a blanket to sleep.

(ECF No. 1, Complaint at 3.) In the "Injuries" section of his Complaint, Plaintiff also appears to allege a "lack of healthcare" in connection with a "lung problem." (*Id.* at 4.) Plaintiff states in his complaint that these incidents occurred during the period of October 2004-November 2007. (*Id.* at 2.) Plaintiff seeks damages for his injuries. (*Id.* at 4.)

The Court liberally construes Plaintiff to allege violations of his civil rights pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Here, Plaintiff has sued only Mercer County Correctional Center and Camden County Jail. Although a county may be liable under § 1983, a county jail is not a proper defendant under § 1983.[2] *See Barrett v. Essex Cty. Corr. Facility*, No. CIV.A. 15-595 SDW, 2015 WL 1808523, at

---

[2] Even if this Court were to consider the defendants to be Mercer and/or Camden County, a local government entity which may be sued under § 1983, the claim would fail. "[A] local government

*3 (D.N.J. Apr. 16, 2015) ("A county jail, such as the Essex County facility, is not a person subject to suit under § 1983."); *Ingram v. Atl. Cty. Justice Fac.*, Civ. No. 10–1375, 2011 WL 65915, *3 (D.N.J. Jan. 7, 2011) (citations omitted) (county jail is not a person under section 1983). As such, the Court will dismiss the Complaint <u>with prejudice</u> as to Mercer County Correctional Center and Camden County Jail, as these entities are not proper Defendants in a § 1983 action.[3]

Here, even if Plaintiff had named as Defendants the officials who allegedly falsely imprisoned him, set him up, and/or subjected him to unlawful conditions of confinement, it appears from the face of the Complaint that some or all of his § 1983 claims are untimely.[4] It is well established that there is no independent statute of limitations for bringing a claim under 42 U.S.C. § 1983 in federal court. Instead, "the [forum] state's statute of limitations for personal injury" applies to claims filed under 42 U.S.C. § 1983. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1988). In New Jersey, the statute of limitations for a

---

may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Ingram*, 2011 WL 65915, at *3 (citing *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 (1978). Here Plaintiff not alleged a *Monell* claim against Mercer or Camden County.

[3] Instead, Plaintiff must sue the government officials who violated his civil rights. Government officials may not be held vicariously liable for the actions of their subordinates under a *respondeat superior* theory of liability in a § 1983 action. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Municipalities and other municipal defendants likewise cannot be held vicariously liable under § 1983. *Id.* at 676; *see also Monell*, 436 U.S. at 691. Because § 1983 claims do not permit recovery for vicarious liability, Plaintiff must "plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

[4] Although the statute of limitations is an affirmative defense that may be waived by a defendant, the Court may dismiss *sua sponte* a pro se civil rights claim under 28 U.S.C. § 1915(e)(2) where untimeliness is apparent from the complaint. *See Hunterson v. Disabato*, 244 F. App'x. 455, 457 (3d Cir. 2007).

civil rights claim under § 1983 is two years. *Disque v. New Jersey State Police*, 603 F.3d 181, 189 (3d Cir. 2009).

The limitations period begins to run on the accrual date. For federal claims brought pursuant to 42 U.S.C. § 1983, the accrual date of the claim is determined in accordance with federal law. *Disabled in Action of Pa. v. Se. Pa. Trans. Auth.*, 539 F.3d 199, 209 (3d Cir. 2008). Generally, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric*, 142 F.3d at 599 (citing *De Botton v. Marple Twp.*, 689 F. Supp. 477, 480 (E.D. Pa. 1988)); *see also Large v. County of Montgomery*, 307 F. App'x 606, 606 (3d Cir. 2009). Thus, "a claim accrues as soon as a potential plaintiff either is aware, or should be aware after a sufficient degree of diligence, of the existence and source of an actual injury. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 590 (3d Cir. 2005) (citing *Keystone Insurance Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir.1988)); *see also Large v. County of Montgomery*, 307 F. App'x. 606, 606 (3d Cir. 2009). Put another way, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) *aff'd*, 504 F. App'x 182 (3d Cir. 2012); *see also Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir.1982) (*per curiam*) (federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of the injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong)).

The limitations period for Petitioner's conditions of confinement claims began to run at the time he was injured, *i.e.*, between 2004 and 2007, and appear time barred. *See McCargo v. Camden Cty. Jail*, No. 17-1387, 2017 WL 2226573, at *2 (3d Cir. May 22, 2017) (finding that

4

Plaintiff's claims "accrued as he endured the circumstances while confined" and noting that Plaintiff "waited well more than a decade to file his lawsuit.)

It is well-established that the limitations period for a false arrest/imprisonment claim begins to run when the arrestee is arraigned. *See Alexander v. Fletcher*, 367 F. App'x 289, 290 n. 2 (3d Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *see also Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 828 (3d Cir. 2011) ("A claim for false imprisonment accrues when an arrestee appears before a magistrate and is bound over for trial, because, after that, he is being held pursuant to legal process.") (citing *Wallace*, 549 U.S. at 389–90). Based on the dates provided in Plaintiff's Complaint, his false imprisonment claim also appear time barred, as Plaintiff was arrested between 2004 and 2007.

It is not clear whether Plaintiff is also attempting to allege a claim for malicious prosecution against the officers who allegedly "set [him] up." Unlike false arrest and false imprisonment, the statute of limitations for a malicious prosecution claim under § 1983 accrues on the day that the criminal proceedings against a plaintiff are terminated in his or her favor. *Torres v. McLaughlin*, 163 F.3d 169, 177 (3d Cir. 1998); *see also Kossler v. Crisanti*, 564 F.3d 181, 186–87 (3d Cir. 2009). To plead a claim for malicious prosecution, a plaintiff must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Kossler*, 564 F.3d at 186 (quotation marks omitted); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013). Here, Plaintiff has alleged in a cursory fashion that he was "set up" by Camden County police and "beat" the alleged charges. Plaintiff has not named

as Defendants (by name or as John Does) the police officers who allegedly set him up or provided sufficient facts to suggest that these police officers initiated criminal proceedings against him without probable cause. Furthermore, he has not provided sufficient facts for the Court to assess whether the dismissal of the charges against him constitutes a favorable termination.[5] If Plaintiff submits an Amended Complaint that alleges a claim for malicious prosecution, he shall provide these facts and also provide the date on which the criminal proceedings allegedly terminated in his favor.

Finally, the Court notes that the statute of limitations may be equitably tolled, and state law generally governs whether a limitations period should be tolled. *See Dique*, 603 F.3d at 185. Tolling is extraordinary relief that is appropriate only "in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his or her cause of action; (2) where the plaintiff has been prevented from asserting his or her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his or her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370, n.9 (3d Cir. 2000). To the extent Plaintiff can cure the deficiencies in his claims and provide facts to showing that his claims are not time barred and/or that he is entitled to equitable tolling, he may submit an Amended Complaint within 30 days. An appropriate Order follows.

DATED: September 5, 2017

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[5] Typically, a dismissal of charges based on insufficient evidence of guilt is considered a favorable termination. *See Hilfirty v. Shipman*, 91 F.3d 573, 579–80 (3d Cir. 1996) (applying Pennsylvania law).